PERCY DANIELS V. THE STATE.

No. 21742. Delivered November 19, 1941.

588

The opinion states the case.

*R. B. Stephen,* of Henderson, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Percy Daniels was convicted on a charge of murder and was assessed a term of five years in the penitentiary by a jury in Rusk County.

Appellant and Bill Walton, the deceased, were negroes who lived on rented farms in the same neighborhood. The deceased had placed a heifer yearling in the pasture of another neighbor, and the appellant, seeing it there, claimed it as his own, saying that it had disappeared from his home about a month before. He called his wife and two of his brothers who identified it as his and, upon thus making certain of his right to do so, he took the yearling out of the pasture, led it to his home and tied it in his cow lot at the back of his house. A sister of the deceased protested this and went to the woods where her brother was cutting cross ties and told him about it. Leaving his work, the deceased went directly to the home of appellant and proceeded as if to take possession of the yearling and avowed his intention to do so. Appellant went into the house, got his Winchester and came back and, after coming to within a distance of eighteen steps, shot Walton, killing him instantly.

Appellant testifies to the controversy which took place before the shooting in which the deceased asserted his right to ownership and appellant, with like emphasis, denied him such. There was clearly an unsettled controversy about the ownership of the yearling. It appears that his defense centered around his right to protect his property. However, appellant stated on cross examination, "I don't know why I killed Bill Walton." He also testified to pocket play, but admitted that he did not

see deceased with a gun. If it was his yearling he had a right to take it to his home, as he did. If it belonged to Walton, the deceased, he, likewise, had just as much right to come peaceably, as he did, according to all the testimony, to take it away. He was unarmed and the evidence, viewed in the most favorable light to appellant, does not show that he made any effort to harm appellant. It was clearly that he was proceeding to get the calf in dispute and take it to his lot as appellant had just done.

The evidence in the case is sharply controverted according to the usual custom in such disputes. Witnesses testified as to the ownership both ways, and the only bills of exception in the record complain of the admission and the sufficiency of the evidence of witnesses testifying that the ownership of the yearling was in deceased. Appellant raised that very issue himself and would not be in position to complain that the court admitted contradictory evidence such as is recited in his bills of exception. If he relied on his legal right to protect his property, it was incumbent on him to show ownership. Having claimed such right and asserted ownership of the yearling, the State properly presented evidence in denial of such ownership. We consider this too well settled to require a discussion of authorities. Appellant has filed no brief and we have nothing presented by him for discussion. We find no error in the record.

The judgment of the trial court is affirmed.